UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHYTIQUE KELLY,

                              Plaintiff,

             -against-

L. SILVER; ANDREW MILLER; A.
ACRISH; CAROL A. MOORES; R.
BENTIVEGNA; CARRIE; CAPTAIN
RODRIGUEZL SERGENT JHON DOE; C.O.
P.; B. TUOHY; NURSE GIORDANI,

                              Defendants.

25-CV-2279 (LTS)

ORDER TO SHOW CAUSE

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who currently is incarcerated at Eastern New York Correctional Facility, brings

this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his rights when he

was incarcerated in Green Haven Correctional Facility ("Green Haven").[1] By order dated April

30, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is,

without prepayment of fees.[2] For the reasons set forth below, the Court directs Plaintiff to show

cause why the complaint should not be dismissed as untimely.

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of New York. *See Kelly v. Silver*, No. 9:25-CV-0203 (N.D.N.Y. Mar. 13, 2025). By order dated March 13, 2025, the Northern District of New York transferred this action to this court. (ECF 4.) Because Plaintiff's submitted a prisoner authorization that only applied to the Northern District of New York, by order dated March 21, 2025, the Court directed Plaintiff to submit a prisoner authorization for this court. (ECF 7.) The court received Plaintiff's updated prisoner authorization on April 11, 2025.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action regarding events that occurred when he was incarcerated at Green Haven. Named as Defendants are ten Green Haven employees and a physician who is employed by the New York State Department of Corrections and Community Supervision, the state agency that oversees Green Haven. Plaintiff alleges that, between July 2021 and December 2021, he experienced various medical conditions, including a fractured foot and a severe allergic reaction, for which Defendants provided him with constitutionally inadequate medical care.[3]

Plaintiff seeks money damages.

---

[3] The complaint also includes a several pages which appear to be an excerpt from another document filed in an unspecified court of claims and that reference incidents in which Plaintiff alleges he was denied medical care in 2023 and 2024, possibly at Coxsackie Correctional Facility and Eastern Correctional Facility. Plaintiff does not name any defendants in connection with these events, and it is unclear whether this document was intended to be part of the complaint in this action. As neither Coxsackie nor Eastern Correctional Facilities are located in the Southern District of New York, *see* 28 U.S.C. § 112(b), venue for these claims is also improper in this District under 28 U.S.C. § 1391(b)(2).

**DISCUSSION**

A.    **Statute of limitations**

Plaintiff's Section 1983 claims appear to be time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens*, 488 U.S.at 249-50). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Here, Plaintiff alleges that the events giving rise to his claims occurred between July 2021 and December 2021. He therefore had three years, or until sometime between July 2024 and December 2024, to file timely Section 1983 claims arising from these events.

Under the prison mailbox rule, when a plaintiff is incarcerated, a document is deemed filed on the date the incarcerated person gives it to prison officials for mailing. *See Walker v. Jastremski*, 430 F.3d 560, 563 (2d Cir. 2005). "[I]n the absence of contrary evidence, district courts in this circuit have tended to assume the prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 Fed. App'x 61, 62 (2d Cir. 2006) (summary order). Here, Plaintiff does not indicate the date on which he placed the complaint into the prison's mail system or the date on which he signed the complaint. (*See* ECF 1, at 29.) The envelope containing the complaint was postmarked on February 7, 2025, suggesting that Plaintiff likely placed it into the prison's mailing system around that time. (*See* ECF 1-1, at 1.) Moreover, Plaintiff's IFP application, which was included in the same envelope, is dated February 5, 2025, further suggesting that Plaintiff could not have filed the complaint before the limitations period expired in December 2024. (*See* ECF 2, at 2.) The complaint therefore appears untimely. If

Plaintiff has facts demonstrating that he filed the complaint in this action before the limitations period expired, he should allege those facts in his declaration.

**B.        Equitable tolling**

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order); *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable); *id*. at § 207(3) (defendant is outside New York at the time the claim accrues); *id.* at § 208 (plaintiff is disabled by infancy or insanity); *id*. at § 210 (death of plaintiff or defendant).

Plaintiff does not allege facts suggesting that the statute of limitations should be equitably tolled in this case.

C.    **Notice and opportunity to be heard**

Because the failure to file an action within the limitations period is an affirmative

defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v.*

*Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence

of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading.

*See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict

courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where

the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself

submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d

Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations

grounds). District courts, however, should grant notice and opportunity to be heard before

dismissing a complaint *sua sponte* on statute of limitations grounds. *See Abbas*, 480 F.3d at 640.

The Court therefore directs Plaintiff to file a declaration within 60 days of the date of this

order, stating why the complaint should not be dismissed as time-barred. Plaintiff may include

any facts showing that he that the Court should apply the doctrine of equitable tolling.

## CONCLUSION

The Court directs Plaintiff to file a declaration within 60 days of the date of this order

showing why the complaint should not be dismissed as time-barred. Plaintiff must submit the

declaration to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the

document as a "Declaration," and label the document with docket number 25-CV-2279 (LTS). A

declaration form is attached to this order. No summons will issue at this time. If Plaintiff fails to

comply within the time allowed, and he cannot show good cause to excuse such failure, the

complaint will be dismissed as time-barred by the statute of limitations.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     May 6, 2025
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.


_____                  _____
Executed on (date)                        Signature

_____                  _____
Name                                      Prison Identification # (if incarcerated)

_____                  _____     _____   _____
Address                                   City              State      Zip Code

_____                  _____
Telephone Number (if available)           E-mail Address (if available)